# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD E. FLUETTE,<br><br>                              Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary<br><br>                              Respondent. | Civil No.   12-0209 AJB (RBB)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE AS SECOND OR SUCCESSIVE** |

On January 24, 2012, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and request for stay. In this action Petitioner is seeks to challenge his August 31, 1992 San Diego Superior Court conviction for conspiracy to commit murder and murder with special circumstances in case number CR129113. (*See* Pet. at 6.) He also asks this Court to stay the petition while he pursues unexhausted claims in state court. (*Id.* at 2.)

## **PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

On December 6, 2002, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in SO. DIST. CA. CIVIL CASE NO. 02cv2401 H (JFS). (*See* Petition in SO. DIST. CA. CIVIL CASE NO. 02cv2401 H (JFS), filed 12/6/02.) In that petition, Petitioner challenged his August 1992 conviction and sentence in San Diego Superior Court case No. CR129113. On September 9, 2003, this Court dismissed the petition because it had been filed well after the expiration of the

1 one-year statute of limitations. (*See* Order filed 9/9/03 in SO. DIST. CA. CIVIL CASE NO. 02cv2401 H (JFS) [Doc. No. 13].) Petitioner appealed that determination. On April 8, 2004, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. (*See* Order in *Fluette v. Giurbino*, No. 03-56880 (9th Cir. April 8, 2004) [Doc. No. 18].)

### INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b); *Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C. D. Cal. 2003) (same). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

### CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. Petitioner request for a stay is **DENIED** as moot. (Attached for Petitioner's convenience is a blank Ninth Circuit Application for Leave to File Second or Successive Petition.)

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 1, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

1 | Copies to:    ALL PARTIES
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28